**KOLLER LAW LLC**
David M. Koller (90119)
Jordan D. Santo (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID WAHL,**<br>**Plaintiff,**<br><br>**v.**<br><br>**VILLAGE MOTORS, INC.,**<br>**Defendant.** | **DOCKET NO.**<br>**CIVIL ACTION**<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

**CIVIL ACTION**

Plaintiff, David Wahl (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Village Motors, Inc. (hereinafter "Defendant"), for violations of the Fair Labor Standards Act ('FLSA"), the Pennsylvania Wage Payment Collection Law ("WPCL") and the Pennsylvania Minimum Wage Act ("PMWA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Hamburg, PA.
3. Upon information and belief, Village Motors, Inc. is an automotives recycler with a location and corporate headquarters at 53 Walnuttown Road, Fleetwood, PA 19526.

## JURISDICTION AND VENUE

4. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

5. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

6. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

9. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. On or about June 24, 2019, Defendant hired Plaintiff in the position of Mechanic.

11. Plaintiff was well qualified for his position and performed well.

**DEFENDANT DID NOT PROPERY PAY PLAINTIFF THROUGHOUT HIS EMPLOYMENT**

12. Throughout his employment, Plaintiff worked from 8 a.m. to 5 p.m. five (5) days per week.
13. Plaintiff was required to clock out for 30 minutes for lunch; he was not required to, nor did he, clock out and for his two (2) 15-minute breaks.
14. Defendant did not compensate Plaintiff for his two (2) 15-minute breaks.
15. In addition, Defendant only paid Plaintiff for 40 hours per week throughout his employment.

**PLAINTIFF COMPLAINED TO THE OWNER ABOUT DEFENDANT NOT PAYING HIM PROPERLY**

16. On or about July 29, 2026, Plaintiff spoke to Gene Noll, Owner, in person and informed him that Defendant was required to pay him and his coworkers for their 15-minute breaks according to the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").
17. Noll informed Plaintiff that he would research the situation and get back to him.

**NOLL GAVE PLAINTIFF A CASH PAYMENT FOR THE WAGES OWED AND STATED THAT HE WOULD ISSUE PLAINTIFF A LUMP SUM PAYMENT TO MAKE HIM WHOLE**

18. On or about July 31, 2026, Noll gave Plaintiff approximately $850 in cash to cover part of the unpaid wages Plaintiff was owed.
19. Noll informed Plaintiff that he would calculate how much Plaintiff was owed and pay him in a lump sum.

## DEFENDANT TERMINATED PLAINTIFF

20. However, on or about August 2, 2026, Noll called Plaintiff into the office and terminated his employment.

21. Noll claimed the reason for Plaintiff's termination was that Defendant was eliminating his position.

22. Importantly, Plaintiff was the only Mechanic at his location, and his job duties are required at Defendant.

## NOLL REFUSED TO PAY PLAINTIFF AND TOLD HIM THAT HE WOULD NEED TO SUE HIM IN ORDER TO GET THE COMPENSATION HE IS OWED

23. In addition, Noll refused to pay Plaintiff the remaining compensation owed to him, and stated that Plaintiff would have to "sue [him] in court over it", or words to that effect.

24. Defendant failed to pay Plaintiff properly, including overtime hours, and unlawfully terminated him in retaliation for reporting the need to pay him for breaks, including overtime pay, in violation of the FLSA, the WPCL and the PMWA.

25. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – FAILURE TO PROPERLY PAY MINIMUM OVERTIME WAGES THE FAIR LABOR STANDARDS ACT

26. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

27. At all relevant times, Defendant had a practice of refusing to pay Plaintiff in full for some or all of the hours he worked.

28. Upon information and belief, Defendant had a policy and practice of refusing to pay some or all of their employees for some or all of the hours they worked.

29. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employee affected in the amount of their unpaid wage and in an additional equal amount as liquidated damages.

30. Section 207(a)(1) of the FLSA provides that, except for some exceptions in Section 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31. At the end of his employment, Plaintiff was an hourly worker who was not paid one and one-half times his regular rate of pay for each hour above forty (40) hours worked in a week.

32. Any employer violating the provisions of Section 207 of the FLSA "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages" and "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b).

33. Defendant knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Plaintiff time-and-a-half for his overtime hours worked in excess of forty (40) hours each week.

34. As of this filing, Defendant have still not paid Plaintiff his properly earned overtime, causing him harm.

**WHEREFORE**, Plaintiff, David Wahl, requests that the Court grant him relief against Defendant included in the Prayer for Relief, *infra*.

**COUNT II – RETALIATION**
**THE FAIR LABOR STANDARDS ACT**

35. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.
36. Plaintiff engaged in protected activity under the FLSA when he complained of practices prohibited by the FLSA to Defendant.
37. Defendant proceeded to terminate Plaintiff's employment.
38. The adverse employment actions discussed above were in retaliation to Plaintiff's engagement in actions protected by the FLSA.
39. As a result of the adverse employment actions, including, but not necessarily limited to, termination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, David Wahl, requests that the Court grant him relief against Defendant included in the Prayer for Relief, *infra*.

**COUNT III – FAILURE TO PAY WAGES**
**THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**

40. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.
41. At all times relevant, Plaintiff was an employee entitled to the protections under the WPCL.
42. At all times relevant, Defendant were employers covered by the WPCL.
43. The WPCL defines wages as all earnings of an employee regardless of whether determined on time, task, piece, commission, or other method of calculation.
44. The WPCL requires employers to pay all wages due to employees. 43 P.S. §260.3(a).
45. Defendant have violated the WPCL by failing to pay Plaintiff all wages due, as described

above, in that it failed to pay Plaintiff at a rate one-and-one-half times his regular hourly rate for each hour worked above forty (40) hours per work week.

46. No good faith dispute, right of set-off, or counterclaim accounts for the non-payment and, therefore, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, David Wahl, requests that the Court grant him relief against Defendant included in the Prayer for Relief, *infra*.

## COUNT IV – FAILURE TO PAY MINIMUM OVERTIME WAGES
## THE PENNSYLVANIA MINIMUM WAGE ACT

47. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

48. Defendant is an Employer as defined by the PMWA, in that they are either an individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee. 43 P.S. §333.103(g).

49. Defendant has control over payroll decisions, including the rate of pay to pay Plaintiff and the decision to not pay Plaintiff overtime compensation, Defendant was an employer of Plaintiff within the meaning of the PMWA.

50. At all times relevant hereto, Plaintiff was a covered employee entitled to PMWA protections.

51. Pursuant to the PMWA, employees shall be paid for overtime at a rate not less than one and one-half times the employee’s regular rate. 43 P.S. §333.104(c).

52. Defendant failed to pay Plaintiff for overtime at a rate not less than one and one-half times his regular rate.

53. Defendant violations of the PMWA were willful or with reckless disregard for Plaintiff’s Statutory Rights.

54. Therefore, Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to the PMWA as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff, David Wahl, requests that the Court grant him relief against Defendants included in the Prayer for Relief, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, David Wahl, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the at will employment doctrine, 42 Pa. C.S. §4563(a) and the FLSA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which

provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Dated: September 2, 2026

*/s/ David M. Koller*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*